UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF NEW YORK

EASTMAN KODAK COMPANY,

            Plaintiff,

vs.

APPLE INC.

            Defendant.

6:10-cv-06021-MAT

**DEFENDANT APPLE INC.'S**
**ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS**

Defendant Apple Inc. ("Apple") respectfully submits this Answer, these Affirmative Defenses and these Counterclaims to the Original Complaint of Plaintiff Eastman Kodak Company ("Kodak"). Allegations not expressly admitted are hereby denied.

1. Paragraph 1 contains legal conclusions to which no answer is required. To the extent an answer is required, Apple admits that this action purports to arise under the patent laws of the United States and that Kodak has alleged infringement of U.S. Patent No. 6,292,218 (the '218 patent) and U.S. Patent No. 5,493,335 (the '335 patent). Apple denies the remaining allegations in Paragraph 1 of the Complaint, including any allegation that any Apple product infringes the patents asserted by Kodak in its Complaint.

**The Parties**

2. Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint and, on that basis, denies the same.

3. Apple admits that it is registered as a California corporation and has its principal place of business at 1 Infinite Loop, Cupertino, California 95014. Apple admits that it markets and designs mobile devices such as mobile telephones in the United States. Apple admits that it sells mobile devices such as mobile telephones in the Western District of New York, as well as in other locations in the United States. Apple denies the remaining allegations in Paragraph 3 of the Complaint.

### Jurisdiction and Venue

4. Apple does not dispute that this Court has subject matter jurisdiction for the purposes of this action.

5. Apple does not dispute personal jurisdiction solely for purposes of this action. Apple denies the remaining allegations in Paragraph 5.

6. While Apple admits that venue is proper in this Court for purposes of this action, venue would be more proper elsewhere.

### Denial of First Claim for Relief
(Alleged Patent Infringement)

7. Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegation that Kodak is the owner by assignment of the '218 patent, and Apple therefore denies this allegation. Apple admits that the '218 patent, entitled "Electronic Camera for Initiating Capture of Still Images while Previewing Motion Images," appears to have been issued on September 18, 2001, and that what is purported by Kodak to be a true copy of the '218 patent is attached to Kodak's Complaint as Exhibit A, but Apple denies that the '218 patent was "duly and legally issued."

8. Apple denies the allegations in Paragraph 8 of the Complaint.

9. Apple denies the allegations in Paragraph 9 of the Complaint.

10. Apple denies the allegations in Paragraph 10 of the Complaint.

11. Apple admits that it received notice of the existence of the '218 patent upon service of Kodak's Complaint in this case, but Apple denies infringing the '218 patent under any theory and denies any other allegations in Paragraph 11.

12. Apple denies the allegations in Paragraph 12 that it has infringed the '218 patent and therefore denies that Kodak has suffered monetary damages and that Kodak has been or will continue to be irreparably harmed as a result.

**Denial of Second Claim for Relief**
(Alleged Patent Infringement)

13. Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegation that Kodak is the owner by assignment of the '335 patent, and Apple therefore denies this allegation. Apple admits that the '335 patent, entitled "Single Sensor Color Camera with User Selectable Image Record Size," appears to have been issued on February 20, 1996, and that what is purported by Kodak to be a true copy of the '335 patent is attached to Kodak's Complaint as Exhibit B, but Apple denies that the '335 patent was "duly and legally issued."

14. Apple denies the allegations in Paragraph 14 of the Complaint.

15. Apple denies the allegations in Paragraph 15 of the Complaint.

16. Apple denies the allegations in Paragraph 16 of the Complaint.

17. Apple admits that it received notice of the existence of the '335 patent upon service of Kodak's Complaint in this case, but Apple denies infringing the '335 patent under any theory and denies any other allegations in Paragraph 17.

18. Apple denies the allegations in Paragraph 18 that it has infringed the '335 patent and therefore denies that Kodak has suffered monetary damages and that Kodak has been or will continue to be irreparably harmed as a result.

### Denial of Kodak's Prayer for Relief

19. Apple denies that Kodak is entitled to an award of any relief at all, including the relief sought in its prayer for relief against Apple. Apple has not infringed (directly, indirectly, contributorily and/or by inducement, literally or equivalently, willfully or otherwise) any of the patents asserted by Kodak. Kodak is not entitled to recover damages, treble damages, injunctive relief, costs, fees, interest, or any other type of recovery from Apple. Kodak's prayer should, therefore, be denied in its entirety and with prejudice, and Kodak should take nothing.

### Demand for Jury Trial

20. Apple requests a jury trial on all issues so triable.

Apple denies all allegations and statements not expressly admitted or responded to herein and further denies that Kodak is entitled to any of the relief requested, or to any relief at all.

*     *     *     *     *

## AFFIRMATIVE DEFENSES

In further answer to the allegations made by Kodak in its Complaint, and as and for its affirmative defenses, Apple alleges as follows:

### First Affirmative Defense – Noninfringement

21. Apple does not and has not infringed, either directly, indirectly, contributorily, or by inducement, any valid and enforceable claim of the '218 and '335 patents, either literally or under the doctrine of equivalents, willfully or otherwise, and has not otherwise committed any acts in violation of 35 U.S.C. § 271.

### Second Affirmative Defense – Invalidity

22. The claims of the '218 and '335 patents are invalid for failure to comply with the requirements of Title 35, United States Code, including but not limited to Sections 101, 102, 103 and/or 112 *et seq.*, and the rules, regulations, and laws pertaining thereto.

### Third Affirmative Defense – Prosecution History Estoppel

23. Kodak is estopped from construing the claims of the '218 and '335 patents in such a way as may cover any of Apple's products by reasons of statements made and/or actions taken to the Patent Office during the prosecution of the application that led to the issuance of the '218 and '335 patents.

### Fourth Affirmative Defense – Estoppel

24. On information and belief, the '218 and '335 patents are unenforceable against Apple by reason of estoppel, including, without limitation, equitable estoppel.

### Fifth Affirmative Defense – License

25. On information and belief, after a reasonable opportunity for further discovery, it will be shown that Apple has an express license under one or more of the patents-in-suit.

### Sixth Affirmative Defense – Implied License

26. On information and belief, after a reasonable opportunity for further discovery, it will be shown that based upon Kodak's representations, Apple has an implied license to practice the claims of one or more of the patents-in-suit.

### Seventh Affirmative Defense – Patent Exhaustion

27. On information and belief, after a reasonable opportunity for further discovery, it will be shown that Kodak's claims for relief and prayer for damages are barred, in whole, or in part, by the doctrine of patent exhaustion.

### Eighth Affirmative Defense – Failure to Comply with 35 U.S.C. § 287

28. On information and belief, after a reasonable opportunity for further discovery, it will be shown that Kodak is precluded from recovering, in whole or in part, the damages sought in Kodak's Complaint because it failed to comply with 35 U.S.C. § 287, due to its failure to mark (and/or require its licensees to mark) products that practice the patents-in-suit as required by 35 U.S.C. § 287.

29. In addition to the defenses described above, Apple expressly reserves the right to allege additional defenses as they become known through the course of discovery.

*   *   *   *   *

## APPLE'S COUNTERCLAIMS

Defendant/Counterclaim-Plaintiff Apple Inc. (Apple) asserts the following counterclaims against Plaintiff/Counterclaim-Defendant Eastman Kodak Company (Kodak):

### The Parties

30. Apple is a California corporation having its principal place of business at 1 Infinite Loop, Cupertino, California 95014.

31. On information and belief, Kodak is a New Jersey corporation with its principal place of business at 343 State Street, Rochester, New York 14650.

### Jurisdiction and Venue

32. These Counterclaims arise under the patent laws of the United States, Title 35 of the United States Code, and/or the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

33. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1338(a).

34. An actual controversy exists under the Declaratory Judgment Act because Kodak has asserted and is asserting infringement of the patents-in-suit by Apple and Apple denies those assertions.

35. This Court has personal jurisdiction over Kodak because Kodak resides in this jurisdiction and because Kodak has availed itself of the rights and privileges of this forum by suing Apple in this District, in response to which these counterclaims are filed.

36. Venue is established in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400. Venue is additionally proper in this Court because Kodak has consented to the

propriety of venue in this Court by filing its claim for patent infringement in this Court, in response to which these counterclaims are filed.

### COUNT I (Declaratory Judgment of Noninfringement of the '218 Patent)

37.     Apple realleges and incorporates by reference Paragraphs 1-36 above as though fully set forth herein.

38.     An actual and justiciable controversy exists between Apple and Kodak with respect to the '218 patent because Kodak has brought this action against Apple alleging that Apple infringes the '218 patent, which allegation Apple denies.  Absent a declaration of noninfringement, Kodak will continue to wrongfully assert the '218 patent against Apple, and thereby cause Apple irreparable injury and damage.

39.     Apple is entitled to a judicial declaration that it has not infringed the '218 patent, either directly or indirectly, literally or under the doctrine of equivalents, willfully, or otherwise.

### COUNT II (Declaratory Judgment of Noninfringement of the '335 Patent)

40.     Apple realleges and incorporates by reference Paragraphs 1-39 above as though fully set forth herein.

41.     An actual and justiciable controversy exists between Apple and Kodak with respect to the '335 patent because Kodak has brought this action against Apple alleging that Apple infringes the '335 patent, which allegation Apple denies.  Absent a declaration of noninfringement, Kodak will continue to wrongfully assert the '335 patent against Apple, and thereby cause Apple irreparable injury and damage.

42. Apple is entitled to a judicial declaration that it has not infringed the '335 patent, either directly or indirectly, literally or under the doctrine of equivalents, willfully, or otherwise.

### COUNT III (Declaratory Judgment of Invalidity of the '218 Patent)

43. Apple realleges and incorporates by reference Paragraphs 1-42 above as though fully set forth herein.

44. An actual and justiciable controversy exists between Apple and Kodak with respect to the '218 patent because Kodak has brought this action against Apple alleging that the claims of the '218 patent are valid, which allegation Apple denies. Absent a declaration of invalidity, Kodak will continue to wrongfully assert the '218 patent against Apple, and thereby cause Apple irreparable injury and damage.

45. Apple is entitled to a judicial declaration that the claims of the '218 are invalid for failure to comply with the requirements of Title 35, United States Code, including, but not limited to, Sections 101, 102, 103, and/or 112.

### COUNT IV (Declaratory Judgment of Invalidity of the '335 Patent)

46. Apple realleges and incorporates by reference Paragraphs 1-45 above as though fully set forth herein.

47. An actual and justiciable controversy exists between Apple and Kodak with respect to the '335 patent because Kodak has brought this action against Apple alleging that the claims of the '335 patent are valid, which allegation Apple denies. Absent a declaration of

invalidity, Kodak will continue to wrongfully assert the '335 patent against Apple, and thereby cause Apple irreparable injury and damage.

48. Apple is entitled to a judicial declaration that the claims of the '335 patent are invalid for failure to comply with the requirements of Title 35, United States Code, including, but not limited to, Sections 101, 102, 103, and/or 112.

## DEMAND FOR JURY TRIAL

49. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Apple hereby demands a trial by jury of all issues.

## PRAYER FOR RELIEF

WHEREFORE, Apple prays for judgment as follows on Kodak's Complaint and Apple's Counterclaims:

(A) That Kodak's claims against Apple be dismissed with prejudice and that Kodak take nothing by way of its Complaint;

(B) That judgment be entered in favor of Apple and against Kodak on Kodak's Complaint;

(C) That a declaration be entered that Apple has not directly infringed, induced the infringement of, nor contributed to the infringement of the '218 patent or the '335 patent;

(D) That a declaration be entered that the claims of the '218 patent and '335 patent are invalid;

(E) That pursuant to 35 U.S.C. § 285 and/or other applicable laws, Kodak's conduct in commencing and pursuing this action be found to render this an exceptional case and that Apple be awarded its attorneys' fees incurred in connection with this action;

(F) That Apple be awarded its reasonable attorney fees and costs in defending itself against this action and in bringing its counterclaims; and

(G) That the Court award Apple such other and further relief that it deems just and proper.

Dated: March 3, 2010                    RESPECTFULLY SUBMITTED:

                                                                                                                          s/ David Rothenberg
                                            David Rothenberg
GEIGER AND ROTHENBERG, LLP
800 Times Square Building
45 Exchange Street
Rochester, NY 14614
(585) 232-1946 (voice)
(585) 232-4746 (fax)
drothenberg@geigroth.com

*Local Counsel for Defendant*

                      s/ Nicholas Groombridge
Nicholas Groombridge
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Telephone: +1 (212) 310-8000
Facsimile: +1 (212) 310-8007
nicholas.groombridge@weil.com

*Counsel for Defendant*

Of Counsel:
Matthew D. Powers
Paul Ehrlich
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Telephone:+1 (650) 802-3000
Facsimile: +1 (650) 802-3100
matthew.powers@weil.com
paul.ehrlich@weil.com

Kevin Kudlac
Joshua Davis
WEIL, GOTSHAL & MANGES LLP
700 Louisiana, Suite 1600
Houston, TX 77002
Telephone: +1 (713) 546 5000
Facsimile: +1 (713) 224 9511
kevin.kudlac@weil.com
joshua.davis@weil.com

Julian Moore
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Telephone: +1 (212) 310-8000
Facsimile: +1 (212) 310-8007
julian.moore@weil.com

Amalie Weber
WEIL, GOTSHAL & MANGES LLP
1300 Eye Street, NW, Suite 900
Washington, DC 20005
Telephone: +1 (202) 682-7000
Facsimile: +1 (202) 857-0940
amalie.weber@weil.com

To:    Brian J. Arnold
Michael J. Abernathy
Sanjay K. Murthy
K&L Gates LLP
70 West Madison, Suite 3100
Chicago, IL 60602


Curt Holbreich
Elaine Y. Chow
Michael J. Bettinger
Stephen M. Everett
K&L Gates LLP
Four Embarcadero Center, Suite 1200
San Francisco, CA 94111


Douglas B. Greenswag
David T. McDonald
K&L Gates LLP
925 Fourth Avenue, Suite 2900
Seattle, WA 98104


Paul J. Yesawich III
Neal L. Slifkin
Laura W. Smalley
Harris Beach LLP
99 Garnsey Road
Pittsford, NY 14534

**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| EASTMAN KODAK COMPANY,<br><br>  Plaintiff,<br><br>  v.<br><br>APPLE INC.,<br><br>  Defendant. | Civil Action No. 6:10-CV-06022 |

## CERTIFICATE OF SERVICE

I hereby certify that on March 3, 2010, I electronically filed the foregoing Answer, Affirmative Defenses and Counterclaims with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to the following:

1. Brian J. Arnold: brian.arnold@klgates.com

2. Michael J. Abernathy: mike.abernathy@klgates.com

3. Sanjay K. Murthy: sanjay.murthy@klgates.com

4. Douglas B. Greenswag: douglas.greenswag@klgates.com

5. Paul J. Yesawich , III: pyesawich@harrisbeach.com

6. Neal L. Slifkin: nslifkin@harrisbeach.com

7. Laura W. Smalley: LSmalley@harrisbeach.com

And, I hereby certify that I have mailed by the United States Postal Service the Answer, Affirmative Defenses and Counterclaims to the following non-CM/ECF participants:

Curt Holbreich
Elaine Y. Chow
Michael J. Bettinger
Stephen M. Everett
K&L Gates LLP
Four Embarcadero Center, Suite 1200
San Francisco , CA 94111

　　　　　 s/ David Rothenberg　　　　　
　　　　　　David Rothenberg